Dear honorable Judge James R. Spencer,

I would like to appeal my plead of guilt having it heard in front of you. I have many reasons of concern starting the day I was arrested. During an attempt to interrogate me I asked to have a lawyer present. One of the agents stated, if you have it in your heart to cooperate we can have the right attorney appointed to you, that will move me to the front of the others cooperating. Upon meeting Charles Everett James Jr. my appointed attorney he stated, that he spoke with one of the prosecuters and they told him I said I had it in my heart to cooperate. I told Mr. James I never said that. Through the rest of the meeting he asked me for knowledge of my background and I obliged. March 13, 2013 before my detention hearing Mr. James and I spoke briefly after he got a copy of the criminal complaint that was sealed. Mr. James tells me the information stated against me in the document then, says everyone already cooperated expect for me. I told him again I didn't want to cooperate just wanted to accept my role and recieve the best plea I could. He says, okay now I have something to work with. I asked, what he thought would come about he then says, there was a mandatory minimum of 10 years, but he knew he could get them down to 5, but no less than that. I said okay. The next time we meet here at Pamunkey Regional Jail Mr. James again tried to get me to cooperate saying the prosecuters think I have valuable information, I denied again. I asked about him saying bringing the ten down to five years. He tells me he never said that. Later in the meeting I bring it up again asking why he said that if it was not possible, he says "that was before I had the papers," not true. Mr. James also advised me he had setup a meeting with prosecuters and that others was scheduled also. We spoke before going into the meeting I told him I really was not up to it. Mr. James says, Smallwood was set to come in later, he was trying to get me there first. Also, he says the prosecuters had made statements about

RECEIVED MAY - 1 2013 CLERK, U.S. DISTRICT COURT RICHMOND, VA

my fianceé. I told him she has nothing to do with anything, if they would leave her alone I would oblige, but I know they don't really want to hear who was my supplier they wanted information about gangs. Mr. James says, no they want to hear more about the drugs than the gang, but will ask questions about everything. We went into the meeting before starting, Mr. James tells the prosecutors I asked if they would recommend the low end, one of them agreed and explained that I went to trail they file an enhancement doubling the mandatory minimum then we proceeded. Another meeting was set, during this meeting I was showed some pictures one of my supplier. After which, one of the prosecutors says, they were pushing it to the side for now, wanting more knowledge of the whole gang ordeal, the meeting proceeded. I was asked about my fianceé then given a moment to speak with Mr. James. At that time, I asked him why they were bringing her up for when we spoke of this matter in a prior conversation. He says they just want to know her role if any. The next meeting we had at Pamunkey again I stated my assumptions to Mr. James I felt he was not representing me right he then attempted to make me believe different. During this meeting I asked why he had not filed a Motion to Discover. Mr. James stated things were different with federal system from the state, he could file motions, but why when he could asked the prosecutors what evidence they have against me. I say to him so, your telling in the federal system there is no such thing as a Motion to Discover because, I have the right to see all evidence against me. He agreed with me then, but never filed a motion for any evidence. After this he had me scheduled to plea guilty the same day as Micheal Smallwood. Before I appeared in front of you we spoke (Mr. James and I). He showed me a printout of emails between him and one of the prosecutors this was suppose to be proof of evidence showing what was reasonably forseeable reaching the two-hundred and eighty grams. I said this is not even a legal document

and asked him if I could be offered a lesser plea for what they actually could prove. Mr. James says, no I can have you ask the prosecuters yourself and they would tell me they wouldn't, I said okay. Also, during this time I told him I would plea guilty, but would tell the judge, when asked if I feel I was represented right by him I would answer no. He tells me I can't do that because if I did not seem fully willing to plead guilty the judge would not accept my plea. Then, I asked I thought you said you will bring the prosecuter in here so I could ask him of the plea bargain. At that time Mr. James says okay gathers his things and walks out. I thought he was getting the prosecuter during which time I was brought into the courtroom. Upon entering the courtroom I asked him, what happen to you getting the prosecuter to speak with me. He says, we are going to ask for more time I told them you were not ready to plea and needed more time. Extra time was granted. I was supposed to be earning some kind of favor or credit in the prosecuters' eyes as being the first to plea guilty. After being brought from court I was placed in an interview room, where I told Mr. James I did not need to speak with the lady prosecuter if he preped her and she would say the same things he had. While listening to the lady prosecuter speak to me I asked if reasonably forseeable meant that it can be backed by evidence of some sort and if someone was lying while implicating someone could it be used as evidence. She said if the person sounded believable. Before she left Mr. James asked her for copies of the audio recordings. The next meeting I had with Mr. James was at Pamunkey during which time he brought his laptop and showed me audio recordings of me and Smallwood this was Tues. 4-16-13. On Wed. 4-17-13 my fianceé left a message for Mr. James telling him I forgot to ask about the lab results and could he return her call. Again on Mon. 4-22-13 she left another message asking about the lab results.

Mr. James called her the morning of 4.23.13 and she asked him why he did not return her call until then. He tells her, he may have overheard her first message, but he recieved the message on 4.22.13 and the lab results were not in yet. She asked him to call her after court please. When Mr. James and I spoke before the hearing Tues. 4.23.13 I asked him if he recieved my fianceé's messages. He says he spoke with her earlier that morning, and he only recieved her message Monday. I then say, but she called you last Wednesday and left the first message, he tells me he never got the first message but recieved the one on 4.22.13. Also he says, and as I told your girl earlier the lab results would not make a difference because I was charged with conspiracy and not possesion with intent to distribute. Then he went over a few questions I would be asked in the hearing and when he addressed the questions about if I felt I was represented right, if I said no he would fall out. During the hearing there were questions Judge M. Hannah Lauck asked that were not addressed by my attorney. Mr. James told me that he would file the motion for a sentence reduction after I chose the option to wait a year. Judge M. Hannah Lauck acknowledge me different, that actually it was up to the prosecutors to file the motion. This a summary of the events that have took place since my incarceration. I really felt rushed to take a plea and feel Mr. James has not represented me with my best interest in his heart or has he answered all my questions nor did he provide all evidence against me. I answered yes because all of this has me extremely nervous, overwhelmed and afraid. I'm in fear that if I asked to changed my attorney the results would be more severe. Being that I have signed the Proffer Letter with Mr. James as my attorney and if so, my choice would leave me in breech of the contract we signed. I would be more than willing to take a polygraph test as proof all the statements I've made are truthful. In closing, I'm just asking for

an opportunity to have all this heard in front of you Judge James R. Spencer. I expect to be punished for my wrong doings. I'm just asking for the chance to be represented to the best of my defense in regards to my rights. Thanks for your time.

Lovell Tyshon Ritchie

*Lovell Ritchie*

4·15·13