**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 3:13CR0072-07 |
| | : | |
| LOVELL TYSHON RITCHIE | : | |

## MOTION TO WITHDRAW GUILTY PLEA AND MEMORANDUM IN SUPPORT

COMES NOW the defendant, Lovell Tyshon Ritchie, by counsel, pursuant to Rule 11(d) of the Federal Rules of Criminal Procedure and moves the Court to allow him to withdraw his plea of guilty. In support of this motion, Mr. Ritchie states the following.

*Facts*

Mr. Ritchie was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §841(a) (1) and 21 U.S.C. §846. He entered a plea of guilty to the charge on April 23, 2013. [Docket #93]. Two days later, Mr. Ritchie drafted a letter to the Court stating that he wished to "appeal" his guilty plea; the letter was received and docketed in the Clerk's Office on May 3, 2013 as a *pro se* Objection to Report and Recommendation prepared by Magistrate Judge Lauck. [Docket #110]. Mr. Ritchie's appointed attorney then filed a motion to withdraw as counsel and his representation was terminated on May 14, 2013. [Docket #114, 115]. Mr. Ritchie's sentencing was generally continued pending resolution of his objections to the Report and Recommendation. [Docket #116]. The undersigned counsel was appointed to represent Mr. Ritchie on May 15, 2013. [Docket #120].

### *Standard for Withdrawal of Plea*

A defendant who demonstrates a "fair and just reason" may withdraw a guilty plea if permitted to do so by the district court. Fed. R. Crim. P. 11(d) (2) B. The Fourth Circuit has delineated the following six-factor test for District Courts to employ when assessing a defendant's request withdraw his guilty plea: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), *cert. denied*, 502 U.S. 857 (1991). The first, second and fourth factors are considered the most important when analyzing the defendant's request. *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir. 1995).

### *Argument*

The first *Moore* factor is whether the defendant has offered credible evidence that his plea was not knowing or not voluntary. *U.S. v. Moore,* 931 F.2d at 248. A plea is voluntary if it represents "the voluntary expression of [the defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is knowing if entered "'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S.Ct. 2398, 162 L.Ed.2d 143 (2005) (*quoting Brady*, 397 U.S. at 748, 90 S.Ct. 1463). It must reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In evaluating the constitutional validity of a guilty plea, "courts look to the totality of the

circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir.2003) (internal citation omitted).

In this case, Mr. Ritchie's plea was not voluntary. He asserts in his letter to the Court that he was not ready to enter a plea because he had not seen the evidence against him, particularly evidence supporting the alleged drug weight of more than 280 grams of cocaine base. He states that, despite his requests, his attorney did not file a Motion for Discovery and did not otherwise obtain or present the evidence against him.[1] Instead, Mr. Ritchie describes a situation where his attorney was focused on maneuvering him to be the first cooperator and to enter the first plea in the case. Whatever the merits of this strategy, Mr. Ritchie felt pressured by his own counsel to plead guilty to the indictment despite his deep reservations; his decision was thus not "the voluntary expression of [his] own choice" and did not reflect "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. at 31.

Mr. Ritchie's concerns were not "cured" through the Court's Rule 11 colloquy. Rather, he asserts that he told his counsel before the plea hearing that he "would plea [sic] guilty, but would tell the judge, when asked if I feel I was represented right by him I would answer no." Ritchie Letter, Doc. 110, p. 3. Mr. Ritchie states that he was then advised by counsel that he "can't do that because if [you] did not seem fully willing to plead guilty the judge would not accept [his] plea" *Id.* He also states that he was told that if he told the judge he was not pleased with counsel during the plea colloquy, counsel "would fall out." *Id.* at p. 4. Mr. Ritchie finally states that he did not express his dissatisfaction with the plea and the advice of counsel because

---

[1] Mr. Ritchie indicates in his letter that his attorney presented him with emails from the prosecutor summarizing the evidence against him, Ritchie Letter, Doc. 110, p. 2, and audio recordings of conversations between Ritchie and co-defendant Smallwood. Doc. 110, p. 3.

he "felt rushed to take a plea . . . that he was extremely nervous, overwhelmed and afraid." *Id.* He further felt if he asked to change his attorney the results would be more severe. *Id*. The totality of these circumstances demonstrates that Mr. Ritchie's plea was not voluntary.

The second *Moore* factor is whether the defendant has credibly asserted his legal innocence. *U.S. v. Moore,* 931 F.2d at 248. In this case, Mr. Ritchie particularly challenges the greater than 280 gram drug weight attributed to him as part of the conspiracy. The Statement of Facts entered in the case recites that the conspiracy existed from approximately July 2011 to March 2012. *See* Statement of Facts, Docket 96, ¶ 1. The same document acknowledges that Mr. Ritchie was incarcerated for approximately seven months during the conspiracy and he avers herein that the actual dates of his incarceration were from July 10, 2011 to December 20, 2011. *Id*., ¶ 10. He asserts that he could not have been a conspirator during his incarceration and that, despite requests, has been presented with no evidence that he distributed in excess of 280 grams of cocaine base or that it was foreseeable to him, if done by other alleged members of the conspiracy. Again, to the extent that he acknowledged such during his plea colloquy and by signing the Statement of Facts, he contends his actions were pressured, rushed and uninformed.

The third *Moore* factor is whether there has been a delay between the entering of the plea and the filing of the motion. In this case, Mr. Ritchie drafted his request to appeal or withdraw his plea on April 25, 2013, within two days of its entry in open court. Because of an intervening weekend, the letter was placed into the jail's mail system on Monday, April 29, 2013 and was docketed by the Clerk's Office on May 3, 2013.[2] Mr. Ritchie wasted no time contacting the Court with his concerns and is thus not filing this request out of a desire to delay proceedings or because of displeasure with a sentencing outcome.

---

[2] The jail does not accept inmate mail on Fridays, thereby excluding April 26, 2013 for mailing.

The fourth *Moore* factor is whether the defendant has had close assistance of competent counsel. Before deciding whether to plead guilty, a defendant is entitled to "effective assistance of competent counsel." *McMann v. Richardson*, 397 U. S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). Mr. Ritchie asserts that he did not have close assistance of competent counsel. Without questioning the strategy and reasoning of Mr. Ritchie's counsel to have his client cooperate and plead early to garner the greatest benefit possible, there appears to have been a profound breakdown between counsel and client about both this strategy and whether there was sufficient evidence to support a plea to a conspiracy to distribute more than 280 grams of cocaine base – which triggers a mandatory minimum sentence under 21 U.S.C. § 841. Mr. Ritchie's letter demonstrates his deep reservations about the proposed plea and the pressure he perceived from his own counsel to accept it. Complicating Mr. Ritchie's decision was his misunderstanding that he could not tell the Magistrate Judge taking his plea that he was dissatisfied with his counsel's efforts. Thus, while Mr. Ritchie had the assistance of counsel, they never reached a consensus on how to proceed on the case, and thus the assistance cannot be characterized as close.

The fifth and sixth *Moore* factors are whether withdrawal will cause prejudice to the government and whether it will inconvenience the court and waste judicial resources. In this case, there will be no prejudice to the government. They still have ready access to their witnesses and evidence and having to prepare for and try a case cannot be characterized as prejudicial. Nor will the withdrawal waste judicial resources. While trying the case will consume court resources, a trial upon prompt request to determine the guilt or innocence of an accused citizen cannot fairly be characterized as a waste of time.

WHEREFORE, for the foregoing reasons the defendant respectfully requests this Court to enter an order allowing him to withdraw his guilty plea and set the case for trial.

Respectfully submitted,

LOVELL TYSHON RITCHIE

By: _____/s/_____
William J. Dinkin
VSB No. 31198
Attorney for Lovell Ritchie
Stone, Cardwell & Dinkin, PLC
101 Shockoe Slip, Suite K
Richmond, VA 23219
Tel. (804) 359-0000
Fax (804) 257-5555
bill.dinkin@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of July, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

| | |
|---|---|
| Angela Mastandrea-Miller<br>U. S. Attorney's Office<br>600 East Main Street, Suite 1800<br>Richmond, VA 23219<br>804-819-5400<br>Angela.Miller3@usdoj.gov | Annamartine Salick<br>U. S. Attorney's Office (Alexandria)<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>annamartine.salick2@usdoj.gov |
| Adam Block Schwartz<br>U. S. Attorney's Office (Alexandria)<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>703-299-3700<br>Adam.schwartz@usdoj.gov | Marc Jeffrey Birnbaum<br>U. S. Attorney's Office (Alexandria)<br>2100 Jamieson Avenue<br>Alexandria, VA 22314<br>703-299-3738<br>marc.birnbaum@usdoj.gov |

_____/s/_____
William J. Dinkin
VSB No. 31198

Attorney for Lovell Ritchie
Stone, Cardwell & Dinkin, PLC
101 Shockoe Slip, Suite K
Richmond, VA 23219
Tel. (804) 359-0000
Fax (804) 257-5555
bill.dinkin@gmail.com

.