UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

LOVELL TYSHON RITCHIE,

Defendant.

Action No. 3:13–CR–72-7

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendant Lovell Ritchie's Motion to Withdraw Guilty Plea ("Motion") (ECF No. 168). Richie was charged with one count of conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846. The Court scheduled a plea hearing for Ritchie on April 9, 2013, but Ritchie decided not to plead guilty once he arrived at the courthouse that morning. Subsequently, Ritchie pled guilty to the charge against him before Magistrate Judge M. Hannah Lauck on April 23, 2013. On May 3, 2013, the Court construed a letter received from Ritchie as objections to the Report and Recommendation on his guilty plea. On May 9, 2013, the Court vacated its order adopting Judge Lauck's Report and Recommendation and on May 14, 2013, the Court granted Ritchie's counsel's motion to withdraw. New counsel was appointed to represent Ritchie on May 15, 2013. Defendant's new counsel subsequently filed a formal motion to withdraw Ritchie's plea of guilty, and this Motion is before the Court now. The Court held a hearing in this matter on July 26, 2013. For the reasons stated below, the Court DENIES Ritchie's Motion.

**LEGAL STANDARD**

A defendant may withdraw a guilty plea after the court accepts the plea, but before the court imposes a sentence, if the defendant can show a fair and just reason for requesting the

1

withdrawal.[1] Fed. R. Crim. P. 11(d). A court considering a motion to withdraw a guilty plea should consider and weigh the following factors: (1) whether the defendant provided credible evidence that his guilty plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between the plea and the motion for withdrawal of the plea; (4) whether defendant had assistance of competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991); *see also United States v. Wilson*, 81 F.3d 1300, 1306 (4th Cir. 1996). The defendant bears the burden of demonstrating that he should be permitted to withdraw his guilty plea. *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995). "The factors that speak most straightforwardly to the question whether the movant has a fair and just reason to upset settled systemic expectations by withdrawing [his] plea are the first, second, and fourth." *Id.* To the contrary, "the third, fifth, and sixth factors are better understood as countervailing considerations that establish how heavily the presumption should weigh in any given case." *Id.*

## DISCUSSION

Weighing the factors provided in *Moore*, the Court finds Ritchie has not carried his burden of demonstrating that he should be permitted to withdraw his guilty plea. Most importantly, a valid Rule 11 plea colloquy hearing was held on April 23, 2013. As the Fourth Circuit has noted, "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Bowman*, 348 F.3d 408, 414

---

[1] Though the Court has not adopted the Report and Recommendation of the magistrate judge on the guilty plea, the Fourth Circuit has held that "where a defendant has consented to having his plea accepted by a magistrate judge, he may not later seek to withdraw his plea pursuant to Rule 11." *United States v. Mendoza*, 438 F. App'x 168, 169 (4th Cir. 2011) (citing *United States v. Benton*, 523 F.3d 424, 433 (4th Cir. 2008). In *Benton*, the Fourth Circuit determined that a magistrate judge may conduct a Rule 11 hearing and accept a guilty plea. *Benton*, 523 F.3d at 433. Further, the court held that there is no distinction between the plea colloquy and plea acceptance and that once a magistrate judge has heard the plea colloquy and accepted the guilty plea, the defendant cannot withdraw his guilty plea "for any or no reason" under Rule 11(d)(1) because the magistrate's findings constitute the court's acceptance of the plea. *Id.*

(4th Cir. 2003) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992)). As such, "a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Id.* Here, Ritchie does not, and cannot, raise any challenges to the way the Rule 11 plea colloquy was conducted. Ritchie's only challenge to the hearing is that he did not answer honestly the questions asked of him regarding the entry of his plea. This creates a heavy burden for Ritchie in seeking to withdraw his guilty plea. *See id.* at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process.").

Ritchie does not demonstrate that his plea was involuntary despite his statements that he was rushed in to pleading guilty and did not receive formal discovery of the evidence against him. For a plea to be voluntary, it must be "the voluntary expression of [the defendant's] own choice." *Brady v. United States*, 397 U.S. 742, 748 (1970). A plea is "valid only if done voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady*, 397 U.S. at 748). The Court must determine the validity of the guilty plea based on the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." *Walton v. Angelone*, 321 F.3d 442, 462 (4th Cir. 2003) (internal citation omitted).

Ritchie's assertions of involuntariness do not carry his heavy burden of seeking to nullify the Rule 11 colloquy. Ritchie's earlier actions indicate he had the ability to tell his attorney that he did not desire to plead guilty if he did not want to do so. On April 9, 2013, Ritchie was scheduled to plead guilty before this Court. He arrived at the courthouse the morning of April 9, 2013 and told his attorney he did not think he was ready to plead guilty that day. Ritchie also spoke with the Assistant United States Attorney assigned to the case. After these conversations, Ritchie continued to state he was not ready to plead guilty and the plea hearing was cancelled. This incident indicates that Ritchie was capable of expressing his concerns with his attorney and

that he knew the Court would allow him to cancel a plea hearing upon his expression of unwillingness to plead. Two weeks later, Ritchie again came to the courthouse and this time entered a plea of guilty despite his knowledge that he could stop the process if he wanted to do so. Ritchie cannot now claim his plea on April 23, 2013 was involuntary.

Ritchie also fails to make a credible showing of legal innocence. Ritchie does not assert he was not involved in the conspiracy to distribute cocaine base; rather he claims that he should not be held responsible for the more than 280 grams of cocaine base that he agreed to in the plea agreement. The Government asserts, and Ritchie concedes, that two controlled purchases were made from Ritchie in amounts totaling approximately 168 grams. The Government furthered submits that during proffer sessions Ritchie had with Government agents, Ritchie indicated he distributed approximately one ounce of cocaine base per week for one year, totaling well over 280 grams. Ritchie therefore fails to credibly assert his legal innocence.

The Court further finds that Ritchie had assistance of competent counsel leading up to his plea hearing. Though Ritchie contends that his attorney, Charles E. James, Jr., pressured him into pleading guilty, James's strategy in this was what any competent attorney would have pursued. Under Ritchie's plea agreement, Ritchie faces a ten year mandatory minimum sentence, pursuant to 21 U.S.C. § 841(b), based on a drug weight of more than 280 grams. Had Ritchie not pled guilty and proceeded to trial, if the Government proved a drug weight of 280 grams, Ritchie would have faced a mandatory minimum sentence of twenty years, pursuant to 21 U.S.C. § 851. Even if the Government were only able to prove a drug weight of 168 grams at trial, Ritchie would have faced a mandatory minimum sentence of ten years, pursuant to §§ 841(b) & 851. Ritchie's counsel accordingly followed a reasonable and sensible strategy of encouraging Ritchie to plead guilty to an agreement allowing him to face a mandatory minimum of only ten years.

Ritchie's argument that James was not competent counsel because he did not obtain information about the evidence the Government had to prove a drug weight of more than 280

4

grams is belied by Ritchie's own assertions. Ritchie's own letter to the Court indicates that James showed Ritchie printouts of emails from the prosecutor discussing the evidence showing the more than 280 grams drug weight. Ritchie also indicates that after the canceled April 9th plea hearing, James brought his laptop to the jail and played audio recordings of conversations between Ritchie and another codefendant. Additionally, according to the Government, Ritchie's own proffers prove that he is responsible for a drug weight of 280 grams or more.

With respect to the remaining factors, the Court finds that there was not a significant delay in Ritchie seeking to withdraw his plea and that allowing Ritchie to withdraw his plea would not prejudice the Government or waste judicial resources. These factors, however, do not outweigh the more important factors considered above. The Court therefore DENIES Ritchie's Motion.

## CONCLUSION

For the reasons stated above, the Court OVERRULES Ritchie's Objections to the Magistrate's Report and Recommendation and DENIES Ritchie's Motion to withdraw his guilty plea. The Court therefore ADOPTS the Report and Recommendation of the magistrate judge (ECF No. 97). Sentencing in this matter is accordingly scheduled for September 5, 2013.

Let the Clerk send a copy of this Memorandum Order to Mr. Ritchie and all counsel of record.

IT IS SO ORDERED.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __29th__ day of July 2013.